IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOUSING4ALL, LLC**, | Case No. 3:20-cv-368-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND, JOHN DOES 1-5**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on December 17, 2020. ECF 46. Judge Russo recommended that this Court grant in part and deny in part Defendant City of Portland's (the City) Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (ECF 9). Judge Russo found that Plaintiff Housing4All failed to state a claim for unjust enrichment.[1] Judge Russo also found that a factual dispute existed as to whether Housing4All's inverse condemnation claim challenged a "final" decision (the Finality

---

[1] No party objects to this portion of Judge Russo's Findings and Recommendation. The Court accepts Judge Russo's recommendation that the Court dismiss Housing4All's unjust enrichment claim.

PAGE 1 – ORDER

Requirement). Judge Russo recommended that the Court deny the City's motion to dismiss for lack of jurisdiction because of the factual dispute surrounding whether Housing4All satisfied the finality requirement.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The City and Housing4All both timely filed objections, to which the other responded. Housing4All objects to Judge Russo's finding that the City's decision was a public works decision rather than a land-use decision. If the City's decision were a land-use decision, Housing4All argues, there would be no question about the Court's jurisdiction. The City,

PAGE 2 – ORDER

however, objects to Judge Russo's finding that a factual dispute existed as to whether Housing4All satisfied the finality requirement. Even if a factual dispute exists, the City also argues, Judge Russo should not have denied the City's motion without making factual findings. The Court agrees with the City's latter argument. Thus, the Court adopts in part and declines to adopt in part the Findings and Recommendation and remands to Judge Russo for further proceedings consistent with opinion.

## DISCUSSION

Housing4All sought a permit to build an apartment complex on a one-acre site located at 2242 SE 158th Avenue, Portland, Oregon. The City conditioned the grant of any building permit for that location on Housing4All agreeing to set aside a portion of the property to construct a road extending SE Sherman Street to connect SE 158th Avenue and 159th Avenue (the Sherman Connection) at Housing4All's expense. Housing4All contends that this requirement is a regulatory taking for which the both the United States and Oregon constitutions compel the City to compensate Housing4All.

Regulatory takings claims are unripe—and therefore not within the Court's jurisdiction—unless the regulatory takings claim stems from a "final decision regarding the application of the regulations to the property at issue." *Pakdel v. City & County of San Francisco*, 952 F.3d 1157, 1163 (9th Cir. 2020). Thus, to adjudicate the City's motion to dismiss for lack of jurisdiction, the critical question is whether Housing4All obtained a final decision—*i.e.*, a decision from the last available administrative appeal offered by the City, *see Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 981 (9th Cir. 2011)—about the Sherman Connection. At first glance, that question appears easy to answer: Housing4All did not. After all, no one disputes that Housing4All did not appeal the City's June 2019 approval of Housing4All's building permit

PAGE 3 – ORDER

(which included the Sherman Connection) to either the City's Public Works Administrative Appeal Panel (PWAAP) or the Public Works Board of Appeal (PWBA).

The question is more complicated, however, because Housing4All alleges that it was not made aware of the availability of appeals. There is conflicting evidence on this point. On the one hand, the City failed to provide Housing4All with the final decision form from the City's June 2019 approval of Housing4All's building permit. That document would have informed Housing4All of its right to appeal the decision to the PWAAP and, if necessary, the PWBA. Additionally, two days before the City's decision approving Housing4All's building permit, Housing4All's counsel wrote to the City explaining that Housing4All "has not been informed of any local rights to appeal" and asked the City to "provide information regarding the appropriate land use appeal form and fee to submit an appeal, and direct [Housing4All] to the section of its Code outlining the appeal procedure." ECF 15-5 at 2. A City official replied that "no separate appeal process should be implicated." ECF 15-6 at 1 (emphasis in original). It is not clear from the record what the City official intended to convey when he said there was "no separate appeal process."

On the other hand, Housing4All exercised its right to appeal decisions related to the Sherman Connection before. In July 2017, for example, Housing4All proposed an alternative plan for the Sherman Connection that the City's Public Works Alternative Review Committee (PWARC) rejected. Housing4All appealed that decision to the PWAAP. After PWAAP denied Housing4All's appeal, the City even informed Housing4All that PWAAP decisions could be appealed to the PWBA. Housing4All did not appeal to the PWBA.

Nor was that the only time the City informed Housing4All of the availability of administrative appeal procedures. In October 2017, Housing4All proposed a slightly different

PAGE 4 – ORDER

alternative plan to the PWARC and this time the PWARC accepted Housing4All's plan. The City told Housing4All that, even though PWARC had accepted Housing4All's proposed alternative, Housing4All could nevertheless appeal PWARC's decision if Housing4All continued to object to the set aside requirement. Housing4All did not appeal. A City official also submitted a declaration stating that he and others orally communicated to Housing4All's attorneys the relevant administrative appeal procedures. ECF 21-2 at 5.

The City argues that the Court should grant its motion to dismiss Housing4All's inverse condemnation claim for lack of jurisdiction. The City contends that there is no genuine factual dispute over whether Housing4All was aware of the availability of administrative appeal procedures and therefore no genuine dispute over whether Housing4All satisfied the finality requirement. The City also argues that, even if there is a genuine factual dispute, the Court should not automatically deny the City's motion but should make factual findings and then rule on the City's motion based on those findings. The Court agrees with the City's latter argument.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039)). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

Unless the factual dispute on which the Court's jurisdiction turns is "intertwined with an element of the merits of the plaintiff's claim," *Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014), the Court may resolve the factual dispute itself. *Id.* at 1121-22. "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* at 1121. A plaintiff must offer "competent proof," *Hertz Corp. v. Friend*, 599 U.S. 77, 96-97 (2010), "under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121. If there is a genuine dispute of material fact as to jurisdiction, a court may hold an evidentiary hearing and make findings of fact about jurisdiction. *See Augustine v. United States*, 704 F.2d 1074, 1079 (9th Cir. 1983) (reversing a district court's dismissal for lack of subject matter jurisdiction where the district court declined to hold an evidentiary hearing even though the parties disputed jurisdictional facts).

Because the City's motion presents a genuine factual dispute and that factual dispute is not intertwined with merits of Housing4All's claims,[2] the appropriate procedure if for a court to make factual findings—aided, if necessary, by an evidentiary hearing—about whether Housing4All satisfied the finality requirement.

Housing4All argues that fact finding is unnecessary and that the Court should instead rely on *Cintron v. State Board of Education*, 384 F. Supp. 674 (D.P.R. 1974) to deny the City's motion. In *Cintron*, a district court denied a defendant's motion to dismiss for lack of jurisdiction even though the plaintiff failed to exhaust administrative remedies. 384 F. Supp. at 676. *Citron*, however, is distinguishable. It is true that in *Cintron*, as here, it was unclear whether the plaintiffs were notified of their administrative appeal rights. *Id.* It is also true, however, that there was no "mention of a right to such appeal . . . in the Regulations." *Id.* The court's rejection of the defendant's jurisdictional argument, therefore, did not turn on whether the plaintiff had been made aware of administrative appeal procedures, but whether any administrative appeal procedures even *existed*. The *Cintron* court also rejected the defendant's argument because the court correctly observed "exhaustion is not generally required in Civil Rights Act cases." *Id.* In the takings context, however the Supreme Court has blessed the finality requirement. *See Knick v. Township of Scott*, 139 S. Ct. 2161, 2169 (2019) (eliminating the requirement that the plaintiffs seek compensation under state law in state court before bringing a federal takings claim

---

[2] No one suggests that whether Housing4All satisfied the finality requirement relates to the merits of its inverse condemnation claim. Nor would that suggestion have merit. *Cf. Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 599 (2013) (explaining that, when "a unit of government conditions the approval of a land-use permit on the owner's relinquishment of a portion of his property" courts must ask whether "there is a 'nexus' and "rough proportionality between the government's demand and the effects of the proposed land use").

PAGE 7 – ORDER

under, but retaining the requirement that plaintiffs receive a final decision from the government unit effecting the taking). The Court declines to follow *Cintron*.

The Court remands this case to the magistrate judge to engage in fact finding regarding whether Housing4All satisfied the finality requirement and then issue a new Findings and Recommendation on the City's motion. An evidentiary hearing will likely aide fact finding. Fruitful inquiries may include, but are not limited to: (1) what Housing4All understood about the administrative appeal procedure, especially given that Housing4All had previously availed themselves of those procedures; (2) what City officials meant when they emailed Housing4All's counsel that "no separate appeal process should be implicated"; and (3) what discussions the City and Housing4All had about the City's administrative appeal procedures during their negotiations over the Sherman Connection. Additionally, the magistrate judge must permit the parties to engage in limited discovery on this issue before the case advances. *See Friends of Animals v. U.S. Bureau of Land Mgmt.*, 2017 WL 1025669, *4 (D. Or. Mar. 16, 2017) ("'Pertinent facts bearing on the question of jurisdiction are controverted' in this case; thus, leave . . . to conduct limited discovery is appropriate." (quoting *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003))).

Housing4All objects to the Findings and Recommendation as well. Specifically, Housing4All objects to Judge Russo's finding that the Sherman Connection was a public works decision, rather than a land-use decision. Housing4All argues that the Sherman Connection was a land-use decision both because the relevant Portland City Code provision is a land-use regulation and application of that provision is therefore a land use decision and because that provision does not provide "clear and objective" standards calling for the Sherman Connection.

The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Housing4All has objected, as well as Housing4All's objections and the City's response. The Court agrees with Judge Russo's reasoning and adopts those portions of the Findings and Recommendation.

## CONCLUSION

The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Russo's Findings and Recommendation (ECF 46). The Court GRANTS IN PART and REMANDS FOR FURTHER PROCEEDINGS the City's Motion to Dismiss (ECF 9). The Court DISMISSES Housing4All's unjust enrichment claim and REMANDS FOR FURTHER PROCEEDINGS Housing4All's inverse condemnation claim.

**IT IS SO ORDERED.**

DATED this 1st day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge